IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SUPPLY CHAIN FINANCE SYSTEMS, LLC, | |
| Plaintiff, | Case No. 6:10-cv-368 |
| v. | PATENT CASE |
| BANK OF AMERICA CORPORATION, | JURY TRIAL DEMANDED |
| CGI GROUP HOLDINGS USA INC., | |
| COMERICA INCORPORATED, | |
| J. C. PENNEY CORPORATION, INC., | |
| PRIMEREVENUE, INC., | |
| QUADREM U.S., INC., | |
| TRADECARD, INC., | |
| WELLS FARGO & COMPANY | |
| Defendants. | |

## COMPLAINT

Plaintiff Supply Chain Finance Systems, LLC ("Plaintiff") files this Complaint against

Defendants Bank of America Corporation, CGI Group Holdings USA Inc., Comerica

Incorporated, PrimeRevenue, Inc., J. C. Penney Corporation, Inc., Quadrem U.S., Inc.,

TradeCard, Inc., and Wells Fargo & Company (collectively referred to as "Defendants") for

infringement of United States Patent No.7,266,525 (hereinafter "the '525 Patent") and United

States Patent No. 7,716,130 (hereinafter "the '130 Patent").

1

## JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district.  In addition, and in the alternative, Defendants have committed acts of infringement in this district and have regular and established places of business in this district.

4.      Plaintiff is a Texas Limited Liability Company located in Frisco, Texas.

5.      Defendant Quadrem U.S., Inc. ("Quadrem") is a Delaware corporation with its principal office located in Plano, Texas.  This Court has personal jurisdiction over Quadrem and venue is proper in this district because Quadrem has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

6.      Defendant J. C. Penney Corporation, Inc. ("J. C. Penney") is a Delaware corporation with its principal office located in Plano, Texas.  This Court has personal jurisdiction over J. C. Penney and venue is proper in this district because J. C. Penney has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

7.     Defendant Comerica Incorporated ("Comerica") is a Delaware corporation with its principal office located in Dallas, Texas. This Court has personal jurisdiction over Comerica and venue is proper in this district because Comerica has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

8.     Defendant CGI Group Holdings USA Inc. ("CGI") is a Delaware corporation with offices located throughout the United States, including in Austin, Texas, Dallas, Texas, Fort Worth, Texas, Houston, Texas, and San Antonio, Texas. This Court has personal jurisdiction over CGI and venue is proper in this district because CGI has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

9.     Defendant Bank of America Corporation ("Bank of America") is a Delaware corporation with its principal office located in Charlotte, North Carolina. This Court has personal jurisdiction over Bank of America and venue is proper in this district because Bank of America has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

10.     Defendant TradeCard, Inc. ("TradeCard") is a Delaware corporation with its principal office located in New York, New York. This Court has personal jurisdiction over TradeCard and venue is proper in this district because TradeCard has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

11.     Defendant PrimeRevenue, Inc. ("PrimeRevenue") is a Delaware corporation with its principal office located in Atlanta, Georgia.  This Court has personal jurisdiction over PrimeRevenue and venue is proper in this district because PrimeRevenue has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

12.     Defendant Wells Fargo & Company ("Wells Fargo") is a Delaware corporation with its principal office located in San Francisco, California.  This Court has personal jurisdiction over Wells Fargo and venue is proper in this district because Wells Fargo has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including in this district.

13.     On information and belief, Defendants' infringement has and continues to be practiced in the Eastern District of Texas and Defendants' methods, apparatuses, products, components, services, systems, service components, and/or system components that are alleged herein to infringe were and continue to be made, used, imported, offered for sale, and/or sold in the state of Texas, including in this judicial district.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,266,525)

14.     Plaintiff incorporates paragraphs 1 through 13 herein by reference.

15.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

4

16.     Plaintiff is the exclusive licensee of the '525 patent with rights to enforce the '525 patent and sue infringers.

17.     The '525 patent is titled "Invoiceless Trading and Settlement Method and System," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.  A copy of the '525 patent is attached hereto as Exhibit A.

## QUADREM

18.     On information and belief, Quadrem has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, Quadrem's use of and actions related to QuickPay in violation of 35 U.S.C. §§ 271 *et seq.*

19.     Quadrem has been aware of the '525 patent at least as early as service of this action.

20.     On information and belief, Quadrem has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11, 18, 30, and 37, by inducing others (e.g., financial institutions implementing QuickPay and end users of QuickPay) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

21.     On information and belief, Quadrem has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to QuickPay, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

## J. C. PENNEY

22.     On information and belief, J. C. Penney has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 11 and 18, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, J. C. Penney's use of and actions related to TradeCard in violation of 35 U.S.C. §§ 271 *et seq.*

23.     J. C. Penney has been aware of the '525 patent at least as early as service of this action.

## COMERICA

24.     On information and belief, Comerica has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, Comerica's use of and actions related to its Global Trade and Supply Chain Services Processing, GlobalTRADE Web, its implementation of TradeCard, and/or its implementation of CGI's Proponix360 in violation of 35 U.S.C. §§ 271 *et seq.*

25.     Comerica has been aware of the '525 patent at least as early as service of this action.

26.     On information and belief, Comerica has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11 and 18, by inducing others (e.g., end users of its Global Trade and Supply Chain Services Processing, GlobalTRADE Web, its implementation of the TradeCard platform, and/or its implementation of CGI's Proponix360) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

27.     On information and belief, Comerica has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to those that are part of its Global Trade and Supply Chain Services Processing, GlobalTRADE Web, its implementation of the TradeCard platform, and/or its implementation of CGI's Proponix360, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

## CGI

28.     On information and belief, CGI has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, CGI's use of and actions related to Proponix360 and Trade360 in violation of 35 U.S.C. §§ 271 *et seq.*

29.     CGI has been aware of the '525 patent at least as early as service of this action.

30.     On information and belief, CGI has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11, 18, 30, and 37, by inducing others (e.g., financial institutions implementing Proponix360 and end users of Proponix360) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

31.     On information and belief, CGI has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to Proponix360, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

## BANK OF AMERICA

32.     On information and belief, Bank of America has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, Bank of America's use of and actions related to its Global Treasury Services, its Trade Payables Discounting Program, and its implementation of the PrimeRevenue SCF Platform in violation of 35 U.S.C. §§ 271 *et seq*.

33.     Bank of America has been aware of the '525 patent at least as early as service of this action.

34.     On information and belief, Bank of America has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11 and 18, by inducing others (e.g., end users of its Global Treasury Services, its Trade Payables Discounting Program, and its implementation of the PrimeRevenue SCF Platform) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq*.

35.     On information and belief, Bank of America has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to those that are part of its Global Treasury Services, its Trade Payables Discounting Program, and its implementation of the PrimeRevenue SCF Platform, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

## TRADECARD

36.     On information and belief, TradeCard has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, TradeCard's use of and actions related to TradeCard in violation of 35 U.S.C. §§ 271 *et seq.*

37.     TradeCard has been aware of the '525 patent at least as early as service of this action.

38.     On information and belief, TradeCard has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11, 18, 30, and 37, by inducing others (e.g., financial institutions implementing TradeCard and end users of TradeCard) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

39.     On information and belief, TradeCard has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to TradeCard, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

## PRIMEREVENUE

40.     On information and belief, PrimeRevenue has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, PrimeRevenue's use of and actions related to the PrimeRevenue SCF Platform in violation of 35 U.S.C. §§ 271 *et seq.*

41.    PrimeRevenue has been aware of the '525 patent at least as early as service of this action.

42.    On information and belief, PrimeRevenue has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11, 18, 30, and 37, by inducing others (e.g., financial institutions implementing the PrimeRevenue SCF Platform and end users of the PrimeRevenue SCF Platform) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

43.    On information and belief, PrimeRevenue has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to,  the PrimeRevenue SCF Platform, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

## WELLS FARGO

44.    On information and belief, Wells Fargo has and continues to directly infringe one or more claims of the '525 patent, including, but not limited to, at least claims 30 and 37, by practicing the methods claimed by one or more claims of the '525 patent including, but not limited to, Wells Fargo's use of and actions related to its Supply Chain Finance services and/or its implementation of the PrimeRevenue SCF Platform in violation of 35 U.S.C. §§ 271 *et seq.*

45.    Wells Fargo has been aware of the '525 patent at least as early as service of this action.

46.    On information and belief, Wells Fargo has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 11, 18, 30, and 37, by inducing others (e.g., financial institutions offering and end users of its Supply Chain Finance

services and/or its implementation of the PrimeRevenue SCF Platform) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq*.

47.    On information and belief, Wells Fargo has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to those that are part of its Supply Chain Finance services and/or those that are part of its implementation of the PrimeRevenue SCF Platform, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '525 patent.

48.    On information and belief, Defendants have reaped significant revenue from using Plaintiff's patented invention.

49.    Plaintiff is entitled to damages of at least a reasonable royalty for the use of the Plaintiff's invention by Defendants.

50.    Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

51.    On information and belief, Defendants' infringement of the '525 patent, since at least service of this action, has been and continues to be willful.

52.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

53.    Plaintiff has complied with 35 U.S.C. § 287.

54.    Defendants' actions complained of herein are causing irreparable harm and monetary damages to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## COUNT II

### (INFRINGEMENT OF UNITED STATES PATENT NO. 7,716,130)

55.     Plaintiff incorporates paragraphs 1 through 54 herein by reference.

56.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

57.     Plaintiff is the exclusive licensee of the '130 patent with rights to enforce the '130 patent and sue infringers.

58.     The '130 patent is titled "Invoiceless Trading and Settlement Method and System," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.  A copy of the '130 patent is attached hereto as Exhibit B.

### QUADREM

59.     On information and belief, Quadrem has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, QuickPay in violation of 35 U.S.C. §§ 271 *et seq.*

60.     Quadrem has been aware of the '130 patent at least as early as service of this action.

61.     On information and belief, Quadrem has and continues to indirectly infringe one or more claims of the '130 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., financial institutions implementing QuickPay and end users of QuickPay) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

62.     On information and belief, Quadrem has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to QuickPay, are

not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

## J. C. PENNEY

63.     On information and belief, J. C. Penney has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, J. C. Penney's use of and actions related to TradeCard in violation of 35 U.S.C. §§ 271 *et seq.*

64.     J. C. Penney has been aware of the '130 patent at least as early as service of this action.

## COMERICA

65.     On information and belief, Comerica has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, Comerica's Global Trade and Supply Chain Services Processing, GlobalTRADE Web, its implementation of TradeCard, and/or its implementation of CGI's Proponix360 in violation of 35 U.S.C. §§ 271 *et seq.*

66.     Comerica has been aware of the '130 patent at least as early as service of this action.

67.     On information and belief, Comerica has and continues to indirectly infringe one or more claims of the '130 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., end users of its Global Trade and Supply Chain Services Processing, GlobalTRADE Web, its implementation of TradeCard, and/or its implementation of CGI's Proponix360) to

infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq*.

68.     On information and belief, Comerica has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to those that are part of its Global Trade and Supply Chain Services Processing, GlobalTRADE Web, its implementation of TradeCard, and/or its implementation of CGI's Proponix360, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

## CGI

69.     On information and belief, CGI has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, Proponix360 and Trade360 in violation of 35 U.S.C. §§ 271 *et seq*.

70.     CGI has been aware of the '130 patent at least as early as service of this action.

71.     On information and belief, CGI has and continues to indirectly infringe one or more claims of the '525 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., financial institutions implementing Proponix360 and end users of Proponix360) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq*.

72.     On information and belief, CGI has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to Proponix360, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

## BANK OF AMERICA

73.     On information and belief, Bank of America has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, those that are part of Bank of America's Global Treasury Services, its Trade Payables Discounting Program, and its implementation of the PrimeRevenue SCF Platform in violation of 35 U.S.C. §§ 271 *et seq.*

74.     Bank of America has been aware of the '130 patent at least as early as service of this action.

75.     On information and belief, Bank of America has and continues to indirectly infringe one or more claims of the '130 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., end users of its Global Treasury Services, its Trade Payables Discounting Program, and its implementation of the PrimeRevenue SCF Platform) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

76.     On information and belief, Bank of America has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to those that are part of its Global Treasury Services, its Trade Payables Discounting Program, and its implementation of the PrimeRevenue SCF Platform, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

## TRADECARD

77.     On information and belief, TradeCard has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, TradeCard in violation of 35 U.S.C. §§ 271 *et seq.*

78.     TradeCard has been aware of the '130 patent at least as early as service of this action.

79.     On information and belief, TradeCard has and continues to indirectly infringe one or more claims of the '130 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., financial institutions implementing TradeCard and end users of TradeCard) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

On information and belief, TradeCard has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to TradeCard, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

## PRIMEREVENUE

80.     On information and belief, PrimeRevenue has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, the PrimeRevenue SCF Platform in violation of 35 U.S.C. §§ 271 *et seq.*

81.     PrimeRevenue has been aware of the '130 patent at least as early as service of this action.

82.     On information and belief, PrimeRevenue has and continues to indirectly infringe one or more claims of the '130 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., financial institutions implementing the PrimeRevenue SCF Platform and end users of the PrimeRevenue SCF Platform) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

83.     On information and belief, PrimeRevenue has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to the PrimeRevenue SCF Platform, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

## WELLS FARGO

84.     On information and belief, Wells Fargo has and continues to directly infringe one or more claims of the '130 patent, including, but not limited to, at least claims 1 and 8, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, Wells Fargo's use of and actions related to its Supply Chain Finance services and/or its implementation of the PrimeRevenue SCF Platform in violation of 35 U.S.C. §§ 271 *et seq.*

85.     Wells Fargo has been aware of the '130 patent at least as early as service of this action.

86.     On information and belief, Wells Fargo has and continues to indirectly infringe one or more claims of the '130 patent, including, but not limited to, claims 1 and 8, by inducing others (e.g., financial institutions offering and end users of its Supply Chain Finance services and/or its implementation of the PrimeRevenue SCF Platform) to infringe and/or contributing to the to the infringement of others in violation of 35 U.S.C. §§ 271 *et seq.*

87.     On information and belief, Wells Fargo has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to those that are part of its Supply Chain Finance services and/or its implementation of the PrimeRevenue SCF Platform, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '130 patent.

88.     On information and belief, Defendants have reaped significant revenue from using Plaintiff's patented invention.

89.     Plaintiff is entitled to damages of at least a reasonable royalty for the use of the Plaintiff's invention by Defendants.

90.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

91.     On information and belief, Defendants' infringement of the '130 patent, since at least service of this action, has been and continues to be willful.

92.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

93.     Plaintiff has complied with 35 U.S.C. § 287.

94.     Defendants' actions complained of herein are causing irreparable harm and monetary damages to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint;

(b) Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 7,266,525 and United States Patent No. 7,716,130, or, in the alternative, grant an ongoing royalty;

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff an ongoing royalty rate for Defendants' post-judgment infringement;

(e) Find Defendants' infringement to be willful;

(f) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(g) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(h) Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

(i) Order the impounding and destruction of all Defendants' apparatuses that infringe the '525 Patent and '130 Patent;

(j) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(k) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues properly triable by jury in this action.

DATED: July 26, 2010.                    Respectfully submitted,

                                         **THE SIMON LAW FIRM, P.C.**

                                          /s/ Anthony G. Simon
                                         Anthony G. Simon
                                         Timothy E. Grochocinski
                                         701 Market Street, Suite 1450
                                         Saint Louis, Missouri 63101
                                         P. 314.241.2929
                                         F. 314.241.2029
                                         asimon@simonlawpc.com
                                         teg@simonlawpc.com
                                         *ATTORNEYS FOR PLAINTIFF,*
                                         *SUPPLY CHAIN FINANCE SYSTEM, LLC*